UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Juliana Rodriguez Morel**

    v.                                         Case No. 22-cv-00200-PB
                                               Opinion No. 2025 DNH 027

**The Travelers Casualty and
Surety Company of America**

## MEMORANDUM AND ORDER

This insurance declaratory judgment action stems from an underlying lawsuit in which the plaintiff, Juliana Rodriguez Morel[1], obtained a default judgment against her former employer for pregnancy discrimination and wrongful termination. See Morel v. Mammoth Tech, Inc., No. 21-cv-00040-AJ (D.N.H. March 27, 2023).

Rodriguez Morel is suing her former employer's insurer, Travelers Casualty and Surety Company of America ("Travelers"), as a third-party beneficiary of an employment practices liability insurance policy ("EPL policy"). Her first amended complaint sought a declaratory judgment that Travelers was obligated by the EPL policy to pay the default judgment. Doc. 49. On September 21, 2024, approximately two and a half months after the

---

[1] Rodriguez Morel passed away a few months after filing this action and the co-administrators of her estate were substituted as parties. For the sake of clarity, I refer to the original plaintiff, Rodriguez Morel, rather than the co-administrators of her estate.

amendment deadline established by the court's scheduling order, Doc. 32, Rodriguez Morel filed a second motion to amend to add an additional claim for breach of the insurance contract. Doc. 51. Travelers argues that I should deny the motion to amend because it is untimely. Doc. 53.

The standard that governs a motion to amend differs depending on when the motion is made. If the amendment is sought before the deadline for amendments established in the scheduling order, leave to amend should be freely given where justice requires. See Fed. R. Civ. P. 15(a)(2). More substantial justification is required when, as happened here, the plaintiff waits until after the amendment deadline has passed to file her motion to amend. In such cases, the moving party must establish both "good cause" and "excusable neglect" to justify the amendment. See Fed. R. Civ. P. 6(b)(1).

Rodriguez Morel has failed to offer a satisfactory explanation for her failure to file her motion before the July 24, 2024, amendment deadline. While her failure to act sooner cannot be ignored, multiple other factors weigh in favor of her request: (1) she missed the deadline by less than three months; (2) she did not deliberately delay her request in bad faith or to obtain a tactical advantage; (3) her failure to make her request earlier will not affect the discovery process or otherwise delay the resolution of the case; and (4) Travelers does not argue that the delay caused it any unfair prejudice. Accordingly, I conclude that Rodriguez Morel has established both that she

had good cause for her request and that her failure to act sooner was the result of excusable neglect.

For the reasons stated above, I grant the plaintiff's motion to amend. Doc. 51.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

February 28, 2025

cc:    Counsel of Record